JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Associated Materials, LLC

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Wayne C. Stansfield
Reed Smith LLP
1717 Arch Street, Suite 3100, Philadelphia, PA 19103 -- (215) 851-8100

## DEFENDANTS

James J. McNutt, Jr. & Christopher P. Harrison

County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ❏ 1 | U.S. Government Plaintiff | ❏ 3 | Federal Question *(U.S. Government Not a Party)* |
| ❏ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ☒ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 835 Patent - Abbreviated | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | New Drug Application | ❏ 470 Racketeer Influenced and |
| Student Loans | ❏ 340 Marine | Injury Product | | ❏ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | Act | ❏ 863 DIWC/DIWW (405(g)) | Exchange |
| ☒ 190 Other Contract | Product Liability | ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | Relations | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 740 Railway Labor Act | | ❏ 893 Environmental Matters |
| | ❏ 362 Personal Injury - | Product Liability | ❏ 751 Family and Medical | | ❏ 895 Freedom of Information |
| | Medical Malpractice | | Leave Act | **FEDERAL TAX SUITS** | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | ❏ 870 Taxes (U.S. Plaintiff | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement | or Defendant) | ❏ 899 Administrative Procedure |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | Income Security Act | ❏ 871 IRS—Third Party | Act/Review or Appeal of |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | 26 USC 7609 | Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | | ❏ 950 Constitutionality of |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | State Statutes |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ❏ 2 Removed from State Court | ❏ 3 Remanded from Appellate Court | ❏ 4 Reinstated or Reopened | ❏ 5 Transferred from Another District *(specify)* | ❏ 6 Multidistrict Litigation - Transfer | | ❏ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332
Brief description of cause:
TRO and Preliminary Injunction sought for breach of Non-Compete Agreements

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
12/17/2018

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #  _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **Associated Materials, LLC, 3773 State Road, Cuyahoga Falls, Ohio, 44223**

Address of Defendant: James J. McNutt, Jr., 31 Park Ave., Rockledge, PA 19046; Christopher P. Harrison, 277 Woodview Rd., West Grove, PA 19390

Place of Accident, Incident or Transaction: _____ Southeastern Pennsylvania _____

---

*RELATED CASE, IF ANY:*

Case Number: _____N/A_____   Judge: _____N/A_____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not   related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12/17/2018    _[signature]_    81339

_Attorney-at-Law / Pro Se Plaintiff_    _Attorney I.D. # (if applicable)_

---

CIVIL: (Place a √ in one category only)

A.    *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

B.    *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☑ 9. All other Diversity Cases
*(Please specify):* _____ Breach of Contract

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Wayne C. Stansfield _____, counsel of record *or pro se plaintiff*, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 12/17/2018    _[signature]_    81339

_Attorney-at-Law / Pro Se Plaintiff_    _Attorney I.D. # (if applicable)_

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5 2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Associated Materials, LLC | : | CIVIL ACTION |
| v. | : | |
| James J. McNutt, Jr. & Christopher P. Harrison | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)  (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

Wayne C. Stansfield

| | | |
|---|---|---|
| December 17, 2018 | | Associated Materials, LLC |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 851-8100 | (215) 851-1420 | wstansfield@reedsmith.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ASSOCIATED MATERIALS, LLC**<br>**3773 STATE ROAD**<br>**CUYAHOGA FALLS, OH 44223**<br><br>Plaintiff,<br><br>v.<br><br>**JAMES J. MCNUTT, JR.**<br>**31 PARK AVENUE**<br>**ROCKLEDGE, PA 19046**<br><br>**AND**<br><br>**CHRISTOPHER P. HARRISON**<br>**277 WOODVIEW ROAD**<br>**WEST GROVE, PA 19390**<br><br>Defendants. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## VERIFIED COMPLAINT

Plaintiff Associated Materials, LLC ("Associated Materials"), by way of its Verified Complaint against Defendants James J. McNutt, Jr. ("McNutt") and Christopher P. Harrison ("Harrison") (collectively the "Defendants"), states as follows:

## INTRODUCTION

1.     This action stems from the wrongful and improper conduct of Defendants James J. McNutt, Jr. and Christopher P. Harrison, former employees of Associated Materials who voluntarily resigned in June 2018 and December 2017, respectively.  Associated Materials has recently learned that Defendants have violated, and continue to violate, the post-employment restrictions set forth in their non-competition agreements, which they entered into with Associated Materials when they accepted employment with the company.

2.      Since their resignation, Defendants have accepted employment at SRS Distribution, Inc., a direct competitor of Associated Materials, and are violating their respective agreements by selling products for SRS in competition with Associated Materials.

3.      The monetary value of this dispute exceeds $75,000.00.

4.      Through this action, Associated Materials seeks to enforce its agreements with Defendants and prevent Defendants from continuing their wrongful conduct.  Issuance of a temporary restraining order and preliminary and permanent injunction is appropriate and necessary in order to prevent additional injury to Associated Materials and to stop Defendants from engaging in further unlawful conduct.

## PARTIES

5.      Plaintiff Associated Materials, LLC is a Delaware Limited Liability Company and successor to Associated Materials Inc.  On December 28, 2007, Associated Materials Inc. converted to Associated Materials.  Associated Materials' corporate headquarters are located at 3773 State Road, Cuyahoga Falls, Ohio 44223.

6.      None of the members of Associated Materials are citizens of Pennsylvania.

7.      Associated Materials is a leading manufacturer and distributor of exterior residential building products in the United States and Canada.  Associated Materials manufactures vinyl windows, vinyl siding, aluminum trim coil, and aluminum and steel siding and accessories and distributes complementary products manufactured by third parties, such as roofing materials, insulation, exterior doors, vinyl siding, and installation equipment and tools.

8.      Defendant James J. McNutt, Jr. is an adult individual who resides in Montgomery County at 31 Park Avenue, Rockledge, PA 19046.

9.      Defendant Christopher P. Harrison is an adult individual who resides in Chester County at 277 Woodview Road, West Grove, PA 19390.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction and venue is proper in this judicial district under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that all Defendants are residents of Pennsylvania in the geographical area which is contained within the Eastern District of Pennsylvania.  Venue is also proper as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and/or a substantial part of the property that is the subject of this action is situated in this district.

## FACTUAL BACKGROUND

### *McNutt Commences Employment and Enters Into His Restrictive Covenant Agreement*

12.     In or around December 2012, McNutt commenced employment with Associated Materials Inc., the predecessor company to Associated Materials.[1]

13.     McNutt worked in Associated Materials' Warminster, Pennsylvania location as a Territory Sales Manager and reported to Defendant Christopher P. Harrison.

14.     In exchange for his new employment with Associated Materials, McNutt entered into a Non-Compete Agreement ("McNutt Agreement"), containing certain non-compete and confidentiality clauses. *See* McNutt Agreement, attached hereto as **Exhibit A**.

15.     McNutt entered into the agreement on December 12, 2012.

---

[1]      Because Associated Materials, Inc. converted to Associated Materials, LLC in December 2007, for ease of reference, we will refer to Associated Materials, Inc. as "Associated Materials."

16.     The McNutt Agreement sets forth restrictions governing McNutt's employment with any competitor of Associated Materials. In particular, McNutt agreed that, throughout the duration of his employment and for a period of two (2) years following the termination of such employment, he would not:

> [D]irectly or indirectly, on his own account or in the service of others, engage in the manufacture, sale, distribution or promotion of the sale of aluminum siding and steel siding, and such other products manufactured or sold by [Associated Materials], or other competing products of [Associated Materials], in any area or territory in which [McNutt] shall have been located, employed, or worked for [Associated Materials] during his employment.

Ex. A, ¶ 1.

17.     In the McNutt Agreement, McNutt specifically agreed to keep secret all confidential information learned during the course of his employment with Associated Materials:

> [McNutt] hereby recognizes and acknowledges that during the period of such employment [McNutt] will acquire or come into possession of trade secrets, customer lists, and other confidential information, all of which are special and vital to the conduct of [Associated Material's] business, and [McNutt] recognizes that employment by him for any competitor of [Associated Materials] will necessarily involve the improper use of disclosure of such confidential information, to the great and irreparable detriment of [Associated Materials.]

Ex. A.

18.     To prevent the misappropriation or misuse of such confidential information, Associated Materials required McNutt to covenant and agree to the following:

> [D]uring the term of his employment or at any time thereafter, he will not furnish to any individual, firm or corporation other than [Associated Materials], any list or lists of customers, trade secrets, business policies or any other confidential and secret information pertaining to [Associated Materials'] business.

Ex. A, ¶ 2.

19.     Under the terms of the McNutt Agreement, Associated Materials and McNutt also recognized that injunctive relief might be necessary in the event of a breach of the McNutt Agreement. Accordingly, Paragraph 3 of the McNutt Agreement provides:

That, should [McNutt] violate any part of this Agreement, [Associated Materials] shall be entitled to all legal relief including injunctive relief enjoining or restraining [McNutt] . . . from the continuance of such violation, employment, service or other act in contravention of this Agreement or in aid of the business of such other competitive company, concern or individual.

Ex. A, ¶ 3.

### *Harrison Commences Employment and Executes His Restrictive Covenant Agreement*

20.     In or around April 2000, Harrison commenced employment with Associated Materials Inc. d/b/a Alside, Inc.[2]

21.     Harrison was employed as an Area Sales Manager, reporting to David Wise, and was responsible for sales in Southeastern Pennsylvania including Associated Materials locations in Warminster, Pennsylvania; Baltimore, Maryland; and New Castle, Delaware.

22.     In exchange for his new employment with Associated Materials, Harrison also entered into an agreement with Associated Materials (the "Harrison Agreement") containing certain non-compete and confidentiality clauses. *See* Harrison Agreement, attached hereto as **Exhibit B**.

23.     Harrison entered into this agreement with Associated Materials on April 3, 2000.

24.     The Harrison Agreement sets forth restrictions governing Harrison's employment with any competitor of Associated Materials.  In particular, Harrison agreed that, throughout the duration of his employment and for a period of two (2) years following the termination of such employment, he would not:

[D]irectly or indirectly, on his own account or in the service of others, engage in the manufacture, sale, distribution or promotion of the sale of aluminum siding and steel siding, and such other products manufactured or sold by [Associated Materials], or other competing products of [Associated Materials], in any area or territory in which [Harrison[3]]

---

[2]     Because Associated Materials, Inc. converted to Associated Materials, LLC in December 2007, for ease of reference, we will refer to Associated Materials, Inc. and Alside, Inc. as "Associated Materials."

[3]     The Harrison Agreement states "in any area or territory in which the Employer shall have been located, employed, or worked for said Employer during his employment." Similar to the McNutt Agreement, the first reference to Employer should refer to Harrison himself and is reflected as such above.

shall have been located, employed, or worked for [Associated Materials] during his employment.

Ex. B, ¶ 1.

25.     In the Harrison Agreement, Harrison specifically agreed to keep secret all

confidential information learned during the course of his employment with Associated Materials:

> [Harrison] hereby recognizes and acknowledges that during the period of such employment [Harrison] will acquire or come into possession of trade secrets, customer lists, and other confidential information, all of which are special and vital to the conduct of [Associated Material's] business, and [Harrison] recognizes that employment by him for any competitor of [Associated Materials] will necessarily involve the improper use of disclosure of such confidential information, to the great and irreparable detriment of [Associated Materials.]

Ex. B.

26.     To prevent the misappropriation or misuse of such confidential information,

Associated Materials required Harrison to covenant and agree to the following:

> [D]uring the term of his employment or at any time thereafter, [Harrison] will not furnish to any individual, firm or corporation other than [Associated Materials], any list or lists of customers, trade secrets, business policies or any other confidential and secret information pertaining to [Associated Materials'] business.

Ex. B, ¶ 2.

27.     Under the terms of the Harrison Agreement, Associated Materials and Harrison also

recognized that injunctive relief might be necessary in the event of a breach of the Harrison

Agreement. Accordingly, Paragraph 3 of the Harrison Agreement provides:

> That, should [Harrison] violate any part of this Agreement, [Associated Materials] shall be entitled to all legal relief including injunctive relief enjoining or restraining [Harrison] . . . from the continuance of such violation, employment, service or other act in contravention of this Agreement or in aid of the business of such other competitive company, concern or individual.

Ex. B, ¶ 3.

*Defendants Voluntary Resign and Breach Their Respective Agreements*

28.     On June 19, 2018, McNutt provided two weeks' notice of his voluntary resignation to Associated Materials.  *See* McNutt Resignation Letter, attached hereto as **Exhibit C**.

29.     After McNutt's resignation, he became employed at SRS Distribution, Inc. ("SRS") a competitor of Associated Materials.

30.     SRS is a roofing distributor with locations throughout the United States, including Southeastern Pennsylvania, Delaware, and Maryland.  According to its website, roofing sales make up approximately 95% of SRS' sales.

31.     On December 19, 2017, Harrison provided notice of his voluntary resignation to Associated Materials effective December 31, 2017.  *See* Harrison Resignation Letter, attached hereto as **Exhibit D**.

32.     After Harrison's resignation, he also became employed at SRS.

33.     On January 25, 2018, Associated Materials' General Counsel sent Harrison a letter, reminding him of the confidentiality and non-competition provisions of the Harrison Agreement in conjunction with his new employment at SRS.  Associated Materials stated that it "understands that [Harrison] will be working for SRS in the same geographical area or territory that [Harrison] worked for [Associated Materials] for approximately eighteen (18) years." *See* January 25, 2018 Letter, attached hereto as **Exhibit E**.

34.     On February 5, 2018, SRS responded to the January 25, 2018 letter on behalf of Harrison and confirmed that Harrison's "employment with SRS does not put in him in a position to violate the terms of the particular agreement in question." *See* February 5, 2018 Letter, attached hereto as **Exhibit F**.  As set forth below, SRS' representation is false and inaccurate.

35.     A former employee of SRS recently informed Associated Materials that McNutt is selling competitive building products for SRS.

36.     As a result of this information, Associated Materials undertook a review of both McNutt and Harrison's Associated Materials' emails.

37.     As a result of this recent review, Associated Materials discovered emails in which a customer of SRS is placing orders for competing products of Associated Materials, directly with McNutt and Harrison.  Notably, this customer also worked with McNutt and Harrison while they were both at Associated Materials.

38.     SRS' customer, however, inadvertently sent these emails to Harrison's email address at Associated Materials, not his SRS email address.  As a result, Associated Materials now has direct evidence that both Defendants are selling competing products in violation of their agreements.

39.     Each of the emails show communications with an SRS client located in Southeastern Pennsylvania, areas where both Defendants worked while employed at Associated Materials. Additionally, the majority of the emails attach invoices from SRS locations in Southeastern Pennsylvania.

40.     For example, on September 27, 2018, Izabella Vradinskiy from 4 Seasons Construction Group (located in Huntingdon Valley, Pennsylvania) sent an email to McNutt and Harrison, attaching an invoice for roofing supplies, all of which are competing products of Associated Materials. *See* **Exhibits G & H** (demonstrating that Ms. Vradinskiy was a former customer of McNutt and Harrison's while they both worked at Associated Materials).

41.     Again, on October 18, 2018, Ms. Vradinskiy sent an email to McNutt and Harrison, this time placing an order for roofing supplies that were being shipped to Huntingdon,

Pennsylvania. Again all products listed on the invoice are competing products of Associated Materials. *See* **Exhibit I**.

42.     On October 25, 2018, Ms. Vradinskiy sent an email to McNutt and Harrison, attaching three invoices for roofing supplies. Each of the invoices are for competing products of Associated Materials. *See* **Exhibit J**.

43.     Defendants' specific actions while employed at SRS directly violate their non-compete agreements with Associated Materials.

44.     Through Defendants' employment with SRS, Defendants are causing Associated Materials immediate, substantial and irreparable injury, for which there is no adequate remedy at law.

45.     Accordingly, injunctive relief is both necessary and appropriate in the present case. As such, Associated Materials seeks the assistance of the equitable powers of this Court to prevent Defendants from continuing to breach the terms of their respective agreements.

## COUNT I: INJUNCTIVE RELIEF

### *Plaintiff v. Defendant McNutt*

46.     Associated Materials repeats and re-alleges the allegations set forth in the preceding paragraphs as if set forth herein.

47.     Paragraph 1 of the McNutt Agreement prohibits McNutt from selling competing products for a period of two years from the date of his termination with Associated Materials.

48.     As demonstrated by the emails, attached hereto as Exhibit G-J, McNutt is selling competing products while employed at SRS, Associated Materials' competitor.

49.     Thus, McNutt's actions constitute a material breach of the McNutt Agreement, causing immediate and irreparable injury to Associated Materials.

50.     The McNutt Agreement also prohibits McNutt from using and/or disclosing Associated Materials' confidential and proprietary information.

51.     To the extent McNutt is disclosing any of this information, such conduct constitutes a material breach of the McNutt Agreement, causing immediate and irreparable injury to Associated Materials.

52.     McNutt acknowledged that Associated Materials may be irreparably harmed through his breaches of the McNutt Agreement.   Thus, pursuant to Paragraph 3, Associated Materials is entitled to a temporary restraining order and permanent injunction restraining McNutt from engaging in conduct in further violation of the McNutt Agreement.

53.     A temporary restraining order is an appropriate and necessary remedy in this matter to halt McNutt from continuing to sell products in direct competition of Associated Materials.  Any harm to McNutt resulting from restraining his conduct while this matter is decided is substantially outweighed by the immediate irreparable harm that will be caused to Associated Materials if this Court does not enjoin McNutt from engaging in further unlawful acts.   Moreover, Associated Materials has a substantial likelihood of prevailing on the merits of its claims and has no adequate remedy at law.

## COUNT II: INJUNCTIVE RELIEF

### *Plaintiff v. Defendant Harrison*

54.     Associated Materials repeats and re-alleges the allegations set forth in the preceding paragraphs as if set forth herein.

55.     Paragraph 1 of the Harrison Agreement prohibits Harrison from selling competing products for a period of two years from the date of his termination with Associated Materials.

56.     As demonstrated by the emails, attached hereto as Exhibit G-J, Harrison is selling competing products while employed at SRS, Associated Materials' competitor.

57.     Thus, Harrison's actions constitute a material breach of the Harrison Agreement, causing immediate and irreparable injury to Associated Materials.

58.     The Harrison Agreement also prohibits Harrison from using and/or disclosing Associated Materials' confidential and proprietary information.

59.     To the extent Harrison is disclosing any of this information, such conduct constitutes a material breach of the Harrison Agreement, causing immediate and irreparable injury to Associated Materials.

60.     Harrison acknowledged that Associated Materials may be irreparably harmed through his breaches of the Harrison Agreement.  Thus, pursuant to Paragraph 3, Associated Materials is entitled to a temporary restraining order and permanent injunction restraining Harrison from engaging in conduct in further violation of the Harrison Agreement.

61.     A temporary restraining order is an appropriate and necessary remedy in this matter to halt Harrison from continuing to sell products in direct competition of Associated Materials. Any harm to Harrison resulting from restraining his conduct while this matter is decided is substantially outweighed by the immediate irreparable harm that will be caused to Associated Materials if this Court does not enjoin Harrison from engaging in further unlawful acts.  Moreover, Associated Materials has a substantial likelihood of prevailing on the merits of its claims and has no adequate remedy at law.

## COUNT III: BREACH OF CONTRACT

### *Plaintiff v. Defendant McNutt*

62.     Associated Materials repeats and re-alleges the allegations set forth in the preceding paragraphs as if set forth herein.

63.     As described above, the McNutt Agreement contained post-employment restrictions on McNutt's abilities to sell competing products of Associated Materials and the use or disclosure of Associated Materials' confidential information.

64.     McNutt voluntarily executed and agreed to be bound by the valid and reasonable non-compete provision contained in the McNutt Agreement.

65.     The non-competition restrictions in the McNutt Agreement were supported by adequate consideration.

66.     The non-competition restrictions in the McNutt Agreement were intended to protect Associated Materials' customer good will, its substantial relationships with customers, its trade secrets and confidential information, and other legitimate business interests of Associated Materials.  The restrictions are reasonably necessary for Associated Materials' protection.

67.     Despite the contractual prohibitions McNutt agreed to, he has materially violated the same by, *inter alia*, accepting a position with one of Associated Materials' competitors and selling competing products.  McNutt's violations have been knowing, willing, and voluntary and are intended to harm Associated Materials in its business affairs.

68.     Associated Materials has performed all of its obligations by complying with all conditions precedent under the McNutt Agreement.

69.    Associated Materials has suffered and will continue to suffer irreparable injury in addition to monetary damages as a direct and proximate result of McNutt's conduct working for a competitor and selling competing products which cannot be reasonably ascertained.

70.    Unless restrained by this Court, McNutt will continue his unlawful actions and Associated Materials will continue to be irreparably harmed.

71.    Associated Materials has no adequate remedy at law and is entitled to an immediate injunction enjoining McNutt from further unlawful acts.

## COUNT IV: BREACH OF CONTRACT

### *Plaintiff v. Defendant Harrison*

72.    Associated Materials repeats and re-alleges the allegations set forth in the preceding paragraphs as if set forth herein.

73.    As described above, the Harrison Agreement contained post-employment restrictions on Harrison's abilities to sell competing products of Associated Materials and the use or disclosure of Associated Materials' confidential information.

74.    Harrison voluntarily executed and agreed to be bound by the valid and reasonable non-compete provision contained in the Harrison Agreement.

75.    The non-competition restrictions in the Harrison Agreement were supported by adequate consideration.

76.    The non-competition restrictions in the Harrison Agreement were intended to protect Associated Materials' customer good will, its substantial relationships with customers, its trade secrets and confidential information, and other legitimate business interests of Associated Materials.  The restrictions are reasonably necessary for Associated Materials' protection.

77.     Despite the contractual prohibitions Harrison agreed to, he has materially violated the same by, *inter alia*, accepting a position with one of Associated Materials' competitors and selling competing products.  Harrison's violations have been knowing, willing, and voluntary and are intended to harm Associated Materials in its business affairs.

78.     Associated Materials has performed all of its obligations by complying with all conditions precedent under the Harrison Agreement.

79.     Associated Materials has suffered and will continue to suffer irreparable injury in addition to monetary damages as a direct and proximate result of Harrison's conduct working for a competitor and selling competing products which cannot be reasonably ascertained.

80.     Unless restrained by this Court, Harrison will continue his unlawful actions and Associated Materials will continue to be irreparably harmed.

81.     Associated Materials has no adequate remedy at law and is entitled to an immediate injunction enjoining Harrison from further unlawful acts.

## **TRIAL BY JURY**

82.     Plaintiff Associated Materials, LLC is entitled to and respectfully demands a trial by jury of all issues which may so be tried.

**PRAYER FOR RELIEF**

**WHEREFORE**, Associated Materials, LLC respectfully requests that the Court enter judgment in its favor and grant it the following relief:

1.      A temporary restraining order, preliminary injunction, and permanent injunction, enjoining and restraining:

      a.  Defendant James J. McNutt, Jr. from violating, or participating in the violation of, any of the terms of his Non-Compete Agreement;

      b.  Defendant James J. McNutt from directly or indirectly competing with Associated Materials in violation of Paragraph 1 of his Non-Compete Agreement including, but not limited to, the sale of products that compete with Associated Materials;

      c.  Defendant Christopher P. Harrison from violating, or participating in the violation of, any of the terms of his Agreement; and

      d.  Defendant Christopher P. Harrison from directly or indirectly competing with Associated Materials in violation of Paragraph 1 of his Agreement including, but not limited to, the sale of products that compete with Associated Materials.

2.      An order awarding Associated Materials its actual damages in excess of $75,000, in an amount to be determined at trial.

3.      An order awarding any and all other available damages and such other and further relief as the Court deems just and proper.

Respectfully submitted,

**REED SMITH LLP**

By:_____
Wayne C. Stansfield, Esq. (Attorney ID 81339)
Kristen M. Ashe, Esq. (Attorney ID 322930)
Three Logan Square, Suite 3100

1717 Arch Street
Philadelphia, PA 19103
215-851-8100 (phone)
215-851-8240 (fax)
wstansfield@reedsmith.com
kashe@reedsmith.com

Dated:  December 17, 2018                    *Attorneys for Associated Materials, LLC*

**VERIFICATION**

I, David Wise, make this verification on behalf of the Associated Materials, LLC.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the allegations in the

foregoing Complaint are true and correct to the best of my knowledge, information and belief.

David Wise
Regional Sales Vice President
Associated Materials, LLC

Dated:  December   17  , 2018

# EXHIBIT A

## NON-COMPETE AGREEMENT

The undersigned ___JAMES J. McNitt Jr.___ of
(Employee Name)

___RoxHEDGE  PA___
(City & State of Residence)

hereinafter called the Employee, in consideration of Associated Materials Incorporated of 3773

State Road, Post Office Box 2010, Akron, Ohio 44309, hereinafter called the Employer, extending

employment to the employee, hereby recognizes and acknowledges that during the period of

such employment Employee will acquire or come into possession of trade secrets, customer lists,

and other confidential information, all of which are special and vital to the conduct of Employer's

business, and Employee recognizes that employment by him for any competitor of Employer will

necessarily involve the improper use of disclosure of such confidential information, to the great

and irreparable detriment of Employer; and in recognition thereof, Employee agrees:

1. That, during his employment and for the period of two (2) years from the date of the
   termination of his employment for any reason whatsoever, either by himself or by the
   Employer, he shall not, either directly or indirectly, on his own account or in the service
   of others, engage in the manufacture, sale, distribution or promotion of the sale of
   aluminum siding and steel siding, and such other products manufactured or sold by the
   Employer, or other competing products of said Employer, in any area or territory in
   which the Employee shall have been located, employed, or worked for said Employer
   during his employment.

2. That, during the term of his employment or at any time thereafter, he will not furnish to
   any individual , firm or corporation other than the Employer, any list or lists of
   customers, trade secrets, business policies or any other confidential and secret
   information pertaining to the Employer's business;

3. That, should he violate any part of this Agreement, the Employer shall be entitled to all legal relief including injunctive relief enjoining or restraining the Employee and each and every person concerned therein from the continuance of such violation, employment, service or other act in contravention of this Agreement or in aid of the business of such other competitive company, concern or individual.

IN WITNESS WHEREOF, I have hereunto set my hand at

_____
(Company Location)

This ___12___ day of _DECEMBER_____ , 20 _12_____ .
     (Day)                    (Month)                    (Year)

Signed _____
                        (Employee Signature)

1st Witness Signature: _____

2nd Witness Signature: _____

EXHIBIT B

APR 0 5 2000

# AGREEMENT

The undersigned ___CHRISTOPHER P. HARRISON___ of

_. 277 WOODVIEW RD    WEST GROVE    PA    19390_

hereinafter called the Employee, in consideration of Alside, Inc. and all and any of its

subsidiaries of 3773 State Road, Post Office Box 2010, Akron, Ohio 44309, hereinafter

called the Employer, extending employment to the employee, hereby recognizes and

acknowledges that during the period of such employment Employee will acquire or come

into possession of trade secrets, customer lists, and other confidential information, all of

which are special and vital to the conduct of Employer's business, and Employee

recognizes that employment by him for any competitor of Employer will necessarily

involve the improper use of disclosure of such confidential information, to the great and

irreparable detriment of Employer;  and in recognition thereof, Employee agrees:

1.      That, during his employment and for the period of two (2) years from the

date of the termination of his employment for any reason whatsoever, either by himself or

by the Employer, he shall not, either directly or indirectly, on his own account or in the

service of others, engage in the manufacture, sale, distribution or promotion of the sale of

aluminum siding and steel siding, and such other products manufactured or sold by the

Employer, or other competing products of said Employer, in any area or territory in

which the Employer shall have been located, employed, or worked for said Employer

during his employment.

AGREEMENT                                                      Page two

    2.      That, during the term of his employment or at any time thereafter, he will not furnish to any individual , firm or corporation other than the Employer, any list or lists of customers, trade secrets, business policies or any other confidential and secret information pertaining to the Employer's business;

    3.      That, should he violate any part of this Agreement, the Employer shall be entitled to all legal relief including injunctive relief enjoining or restraining the Employee and each and every person concerned therein from the continuance of such violation, employment, service or other act in contravention of this Agreement or in aid of the business of such other competitive company, concern or individual.

    IN WITNESS WHEREOF, I have hereunto set my hand at _____ _____this 3ʳᵈ day of APRIL _____ 20_00.

Signed _____

Witnesses (2):
_____
_____

# EXHIBIT C

June 19, 2018


Nick Giorgi
Area Sales Manager
Alside Supply

Dear Nick:

I am writing to announce my resignation from Alside Supply, effective two weeks from this date.

This was not an easy decision to make.   I've enjoyed working for you and being part of the Alside team for the past 5+ years.

I wish you and the company all the best. I am more than happy to train an incoming employee or to be of any help during the transition.  If so, please do not hesitate to ask.

Sincerely,

James J. McNutt

# EXHIBIT D

**Christopher Harrison**
**277 Woodview Rd.**
**West Grove, Pa 19390**
**610-721-7205**

David Wise                                                                                        12/19/17
RSVP Mid Atlantic
Associated Materials, Inc

Dear Dave,

   Please accept this letter as formal notification that I am leaving my position with
Associated Materials on December 31, 2017.
   I greatly appreciate the opportunities you have provided me during my last few years
with the company.  I am thankful for the relationships I have built with so many over my 17
years here.  I have thoroughly enjoyed it
   Please let me know of any assistance I can be during this transition.

   Best Regards,

   Chris Harrison

# EXHIBIT E

**AMI ASSOCIATED MATERIALS®**
I N C O R P O R A T E D

**3773 State Road, Cuyahoga Falls, OH, 44223, (330) 922-2124**

January 25, 2018

<u>**VIA FEDERAL EXPRSSS**</u>

Mr. Christopher Harrison
277 Woodview Road
West Grove, PA 19390

    Re:  <u>Continuing Obligations Under Agreement With AMI</u>

Dear Mr. Harrison,

    I am the General Counsel of Associated Materials, LLC ("AMI"). It is the understanding of AMI that you voluntarily separated from AMI on December 31, 2017 (the "Separation Date") and that you recently accepted employment with SRS Distribution, Inc. ("SRS"). AMI also understands that you will be working for SRS in the same geographical area or territory that you worked for AMI for approximately eighteen (18) years.

    Please be advised that on April 3, 2000, you executed a written Agreement (the "Agreement") with AMI which subjects you to restrictions that may relate to your work for SRS. AMI is also seriously concerned about your and/or SRS's possible violation of your Agreement and misuse of AMI's protected trade secrets, customer lists and other confidential information (collectively the "Confidential Information"). Accordingly, AMI wants to remind you of your continuing obligation to honor your Agreement and respect AMI's Confidential Information, as well as its customer relationships. As a result, please be advised that AMI will take immediate legal action if it discovers any past or future breaches of your Agreement or continuing obligations. Moreover, to the extent you took any Confidential Information with you to SRS, including documents, records, information or software, AMI hereby demands that you return said items to AMI immediately.

    Specifically, during your eighteen years as an AMI employee, you had access to Confidential Information which could be used against AMI or for competitive advantage, including, but not limited to, customer lists, product concepts, design and specifications, contract terms, sales information, software programs, marketing plans, employee information, financial information and other non-public information. This is why your Agreement prohibits you for two (2) years after the Separation Date from directly or indirectly engaging on behalf of SRS in the "manufacture, sale, distribution or promotion of the sale of aluminum siding and steel siding, and such other products manufactured or sold by" AMI "in any area or territory" in which you worked for AMI. And this is why your Agreement also prohibits you indefinitely from furnishing any Confidential Information to any third parties, including SRS.

Mr. Christopher Harrison
January 25, 2018
Page 2


       Because AMI could suffer irreparable damage if this Agreement is violated, AMI is sending a copy of this letter to SRS to notify SRS that you are subject to the restrictions set forth in your Agreement, and that to encourage or allow you to violate any of these restrictions may subject SRS, as well as you, to legal action.

       Let your actions be guided accordingly,

ASSOCIATED MATERIALS, LLC

Alok K. Gupta
General Counsel

AKG/cu

cc:    Daniel R. Tinker (*via federal express*)
       President & Chief Executive Officer
       SRS Distribution, Inc.
       5900 S. Lake Forest Dr., # 400
       McKinney, Texas 75070

# SPECIAL OVERNIGHT SHIPMENT AUTHORIZATION

*legal*

CHECK METHOD OF SHIPMENT

**AIRBORNE OVERNIGHT SERVICE** ☒

**AIRBORNE 2 DAY** ☐
(BY 3PM NEXT DAY)

**SHIP TO:** Christopher Harrison

Residence

**COMPANY NAME**

**ADDRESS** 277 Woodview Rd

**CITY/STATE/ZIP** West Grove PA 19390

**ATTENTION OF** _____

**DATE:** 1-25-18

**REQUESTED BY:** _____

**COMPANY NO.** _____

**DEPT NO.** 805-000-309

001

Ref: OS-Clubsarger
Dep: 10001-6050-99999

Date: 25Jan18
Wgt: 0.10 LBS

Svcs: STANDARD OVERNIGHT NSR RES
TRCK: 7032 6036 9125

DV:

SHIPPING: 6.67
SPECIAL: 3.49
HANDLING: 0.00
TOTAL: 10.16

Tracking 7032 6036 9125

# SPECIAL OVERNIGHT SHIPMENT AUTHORIZATION

## CHECK METHOD OF SHIPMENT

*legal*

**AIRBORNE OVERNIGHT SERVICE** ☒

**AIRBORNE 2 DAY** ☐
(BY 3PM NEXT DAY)

**SHIP TO:**

COMPANY NAME: SRS Distribution, Inc.

ADDRESS: 5900 S. Lake Forest Dr. #400

CITY/STATE/ZIP: McKinney TX 75070

ATTENTION OF: Daniel P. Tinker, President

**DATE:** 1-25-18

**REQUESTED BY:** Cindy Umball

**COMPANY NO.** 001

**DEPT NO.** 805-000-309

Tracking 7032 6036 9114

Ref: DS-Clubbarger
Dep: 1001-8050-99999

Date: 25Jan18
Wgt: 0.10 LBS

DV:

0.00

Svc: STANDARD OVERNIGHT
TRCK: 7032 6036 9114

SHIPPING: 7.12
SPECIAL: 0.28
HANDLING: 0.00
TOTAL: 7.40

EXHIBIT F



**John S. Davis, Esq.**
**EVP & General Counsel**
**469-424-2240 Direct**
**jdavis@srsicorp.com**

February 5, 2018

**VIA FEDERAL EXPRESS**

Mr. Alok K. Gupta
General Counsel
Associated Materials, LLC
3773 State Road
Cuyahoga Falls, OH  44223

   Re: Christopher Harrison

Dear Mr. Gupta:

   I am responding on behalf of SRS Distribution Inc. to your letter dated January 25, 2018 addressed to Mr. Harrison but also copied to Dan Tinker, President and CEO of SRS.  Although your letter was address to Mr. Harrison, it also threatens potential legal action against SRS.

   Please understand that we have advised Mr. Harrison that we expect him to comply with any legal obligations that may be binding upon him as a result of the agreement in place with Associated Materials or an agreement with any other previous employer.  We have also requested that he seek his own counsel in this regard, since I do not represent him personally and am not advising him on the terms of or enforceability of such agreement.  We have been told that his employment with SRS does not put him in a position to violate the terms of the particular agreement in question.

   As to your demands regarding the possession and use of confidential information, I can assure you that SRS goes through a strict vetting protocol with potential hires for management and sales positions that includes specific warnings about bringing confidential or proprietary information from a former employer.  If Mr. Harrison has possessed or used such information from AMI, it would have been against our express instructions.  If you have any direct, specific evidence that Mr. Harrison possessed or has used confidential information, please bring it to my attention and we will investigate further.

   Please feel free to direct any further correspondence on this matter to me instead of Mr. Tinker.

        Sincerely,

        John S. Davis
        EVP & General Counsel

EXHIBIT G

**From:** Izabella Vradinskiy <iv44seasons@gmail.com>
**Sent:** Thursday, September 27, 2018 2:54 PM
**To:** James McNutt <jmcnutt@superiordistribution.net>; Christopher Harrison <charrison@alside.com>
**Subject:** Fwd: ORDER ACKNOWLEDGMENT for FOUR SEASONS CONSTR GRP, INC. -- #12593004

Hi Jim

The price for hips is not correct. its supposed to be $44.15. It is not only this PO, its every PO this week. Can you please fix all POs?

regards

**Izabella Vradinskiy**
**4 Seasons Construction Group**
**5 Star Restoration**
**111 Buck Rd, Suite 700**
**Huntingdon Valley PA 19006**
**215-355-5767**
**215-355-5764 (fax)**

---------- Forwarded message ----------
From: <Michael.Ventura@superiordistribution.net>
Date: Thu, Sep 27, 2018 at 3:21 PM
Subject: ORDER ACKNOWLEDGMENT for FOUR SEASONS CONSTR GRP, INC. -- #12593004
To: iv44seasons@gmail.com


View form(s) using Adobe Acrobat Reader.  To download, visit http://www.adobe.com



SUPERIOR DISTRIBUTION - COLLINGDALE
414 MACDADE BLVD
COLLINGDALE, PA 19023
FAX (610)-586-1595 USA
Phone: (484)-496-2114

## ORDER ACKNOWLEDGMENT

### 12593004

**Account:** FOU20140 0001
**Branch:** PABRI
**Phone:** (215)-355-5767
**Fax:** (215)-355-5764

**BILL TO:**

FOUR SEASONS CONSTR GRP, INC.
111 BUCK ROAD
SUITE 700
HUNTINGDON PA 19006

**SHIP TO:**

FOUR SEASONS CONSTR GRP, INC.
38 MONTICELLO DR
ANYTIME DROP
SICKLERVILLE NJ 08081

Page 1 of 2

| | | | | | |
|---|---|---|---|---|---|
| **PO:** 38 MONTICELLO | | **REF:** | | **JOB:** | |
| **ORDER DATE:** 09/25/18 | **SALES** J MCNUTT | | **TYPE:** WHSE | **SHIP VIA:** GROUND DROP | **FRT TERM:** |
| **EXP DELV DATE:** 10/03/18 | **AGENTS** | | **ORDERED BY:** | | |
| | M VENTURA | | **CREATED BY:** Mventura | | |

| QUANTITY | UOM | ITEM/DESCRIPTION | PRICE/UOM | AMOUNT |
|---:|---|---|---:|---:|
| 1 | EA | O716                        7/16" 4' X 8'<br>OSB<br>1/EA  Loc:YARD | 19.65/EA | 19.65 |
| 64 | BD | GAFTHAROGBA              3 BD/SQ BALTIMORE<br>GAF TIMBERLINE HD AR OYSTER GRAY<br>64/BD  Loc:YARD | 26.33/BD | 1,685.12 |
| 4 | BD | GAFSAROG                 12" 25'/BD<br>GAF SEAL-A-RIDGE OYSTER GRAY<br>4/BD  Loc:YARD | 46.9681/BD | 187.87 |
| 5 | RL | F15<br>FELT 15#<br>5/RL  Loc:YARD | 14.10/RL | 70.50 |
| 3 | RL | QXFVR                    20'<br>QUARRIX FLEX ROLL RIDGE VENT<br>3/RL  Loc:YARD | 24.95/RL | 74.85 |
| 25 | PC | BERC35S16WH              10' .016<br>BERGER C3.5 ALUMINUM DRIP EDGE SPEC WHT<br>SPECIAL WHITE<br>25/PC  Loc:YARD | 2.98/PC | 74.50 |
| 2 | RL | CARWIP100                2 SQ/RL<br>CARLISLE WIP 100 ICE & WATER SHIELD<br>2/RL  Loc:YARD | 35.75/RL | 71.50 |
| 2 | EA | NATS1147200              1-1/4" 7200/BX<br>NAT STINGER COIL NAIL<br>0136072<br>2/EA  Loc:YARD | 24.17/EA | 48.34 |

**PRINTED:** 09/27/18 14:21:06



SUPERIOR DISTRIBUTION
ROOFING & BUILDING MATERIALS

**ORDER ACKNOWLEDGMENT**

**12593004**

SUPERIOR DISTRIBUTION - COLLINGDALE
414 MACDADE BLVD
COLLINGDALE, PA 19023
FAX (610)-586-1595 USA
Phone: (484)-496-2114

**Account:** FOU20140 0001
**Branch:** PABRI
**Phone:** (215)-355-5767
**Fax:** (215)-355-5764

**BILL TO:**
FOUR SEASONS CONSTR GRP, INC.
111 BUCK ROAD
SUITE 700
HUNTINGDON PA 19006

**SHIP TO:**
FOUR SEASONS CONSTR GRP, INC.
38 MONTICELLO DR
ANYTIME DROP
SICKLERVILLE NJ 08081

Page 2 of 2

| PO: 38 MONTICELLO | REF: | | JOB: | |
|---|---|---|---|---|
| **ORDER DATE:** 09/25/18 | **SALES** J MCNUTT | **TYPE:** WHSE | **SHIP VIA:** GROUND DROP | **FRT TERM:** |
| **EXP DELV DATE:** 10/03/18 | **AGENTS** | **ORDERED BY:** | | |
| | M VENTURA | **CREATED BY:** Mventura | | |

| QUANTITY | UOM | ITEM/DESCRIPTION | | PRICE/UOM | AMOUNT |
|---|---|---|---|---|---|
| | | SUBTOTAL | | | 2,232.33 |
| | | Sales Tax | 6.625% | | 147.90 |
| | | ALL ORDERS ARE SUBJECT TO CREDIT APPROVAL PRIOR TO SHIPMENT. ALL ORDERS ARE SUBJECT TO STANDARD TERMS UNLESS OTHERWISE APPROVED.  THIS QUOTE IS VALID FOR 30 DAYS FROM CREATION DATE UNLESS OTHERWISE NOTED IN WRITING BY MANAGEMENT. | | | |

**PAYMENT TERMS:**
1% 10TH, NET 30TH

**Balance** | **$2,380.23**

**PRINTED:** 09/27/18 14:21:06     **Weight:** 5,205.00     **Load:** 2.09

EXHIBIT H

**Ashe, Kristen M.**

| | |
|---|---|
| **From:** | Izabella Vradinskiy <iv44seasons@gmail.com> |
| **Sent:** | Monday, November 27, 2017 1:27 PM |
| **To:** | James McNutt |
| **Cc:** | Michael Goldstein; Christopher Harrison |
| **Subject:** | Re: Paperwork for the Princeton Project |

thank you very much!

**Izabella Vradinskiy**
**4 Seasons Construction Group**
**5 Star Restoration**
**111 Buck Rd, Suite 700**
**Huntingdon Valley PA 19006**
**215-355-5767**
**215-355-5764 (fax)**

On Mon, Nov 27, 2017 at 1:18 PM, James McNutt <JMcNutt@alside.com> wrote:

Hi Izabella,

Hope your Thanksgiving was good as well. I'll get this notarized today & back to you.

Also, my regular cell phone is being replaced- you can call me at 215-720-8030 until my new phone arrives.

Thanks,

Jim

**From:** Izabella Vradinskiy [mailto:iv44seasons@gmail.com]
**Sent:** Monday, November 27, 2017 12:45 PM
**To:** Christopher Harrison; James McNutt
**Subject:** Paperwork for the Princeton Project

Good afternoon gentlemen,

First of all, Happy Thanksgiving to both of you! Hope you enjoyed it!

The paperwork attached is for the big Princeton job. They want to make sure that you got paid. Can you please fill this out and notarize it, so we can get paid for this job?

I appreciate your time.

Regards

**Izabella Vradinskiy**

**4 Seasons Construction Group**

**5 Star Restoration**

**111 Buck Rd, Suite 700**

**Huntingdon Valley PA 19006**

**215-355-5767**

**215-355-5764** (fax)

**James McNutt** | *Territory Sales Manager* | **Alside Exterior Building Products** | P (610) 264-8593 | F (610) 264-4170 | *www.alside.com*

CONFIDENTIALITY NOTICE: This e-mail transmittal message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information.   Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender and destroy all copies of this e-mail.

EXHIBIT I

**From:** Izabella Vradinskiy <iv44seasons@gmail.com>
**Sent:** Thursday, October 18, 2018 11:22 AM
**To:** James McNutt <jmcnutt@superiordistribution.net>; Christopher Harrison <charrison@alside.com>
**Subject:** 60 Melrose

Good morning,

We were a little short and my guys purchased materials from the Trenton Branch. Th invoice is attached. Can you please adjust the prices?
Also, still waiting for the original invoice to get revised.

regards

**Izabella Vradinskiy**
**4 Seasons Construction Group**
**5 Star Restoration**
**111 Buck Rd, Suite 700**
**Huntingdon Valley PA 19006**
**215-355-5767**
**215-355-5764 (fax)**

# INVOICE

**SUPERIOR DISTRIBUTION**

SUPERIOR DISTRIBUTION - TRENTON
526 NEW YORK AVE
TRENTON, NJ 08638
FAX: (609)-393-0709
Phone: (609)-392-0623

| Invoice # : | 12790709-001 |
|---|---|
| Invoice Date : | 10/17/18 |
| Account # : | FOU20140 |
| Branch : | SDTRE |
| Phone # : | (215)-355-5767 |
| Fax # : | (215)-355-5764 |
| Delivery # : | 12790709-001 |

| REMIT TO : |
|---|
| SUPERIOR DISTRIBUTION<br>P.O. BOX 405850<br>ATLANTA, GA 30384-5850<br>(833)-290-7459 |

**BILL TO :**

FOUR SEASONS CONSTR GRP, INC.
111 BUCK ROAD
SUITE 700
HUNTINGDON, PA 19006

**SHIP TO : 1**

FOUR SEASONS CONSTR GRP, INC.
111 BUCK ROAD
SUITE 700
HUNTINGDON, PA 19006

| PO NUMBER | | REFERENCE NUMBER | | JOB NUMBER | | ORDER DATE | SHIP DATE | SALES |
|---|---|---|---|---|---|---|---|---|
| 60 melrose lane | | | | | | 10/16/18 | 10/16/18 | J MCNUTT |

| AGENTS | | ORDER TYPE | ORDERED BY | | SHIP VIA | FREIGHT TERM | | CREATED BY |
|---|---|---|---|---|---|---|---|---|
| S MOTT | | WILLCALL | | | WILL CALL | | | Smott |

| QTY ORDERED | QTY SHIPPED | UOM | ITEM / DESCRIPTION | CONVERTED QTY | PRICE / UOM | EXTENDED AMOUNT |
|---|---|---|---|---|---|---|
| 2 | 2 | BD | GAFTHARBBBA<br>GAF TIMBERLINE HD AR BISCAYNE BLUE<br>3 BD/SQ BALTIMORE | 2.00 /BD | 32.4737 /BD | 64.95 |
| 2 | 2 | PC | C12F<br>CDX PLYWOOD FIR<br>1/2" 4' X 8' | 2.00 /PC | 25.7920 /PC | 51.58 |
| | | | ******SUB-TOTAL****** | | | 116.53 |
| | | | Sales Tax | 3.3125% | | 3.86 |

>>Stock materials may be returned to any SRS branch within 30 days of purchase if it is new and resalable condition.   A 20% restocking fee will be applied to all returned

Thank you for your business! If our service or your total experience
with our company did not meet your needs or expectations,
please email us at customerfeedback@srsicorp.com or call us at 469-854-2542.

**TERMS:** 1% 10TH, NET 30TH Due Date: 11/30/18
You may deduct 1.17 if paid by 11/10/18

| BALANCE | $120.39 |
|---|---|

| TO VIEW AND PAY ONLINE GO TO: | https://srsicorp.billtrust.com | USE THIS ENROLLMENT TOKEN: | PHL XHB BSH |
|---|---|---|---|

Page 1 of 1

# EXHIBIT J

**From:** Izabella Vradinskiy <iv44seasons@gmail.com>
**Sent:** Thursday, October 25, 2018 8:27 PM
**To:** James McNutt <jmcnutt@superiordistribution.net>; Christopher Harrison <charrison@alside.com>
**Subject:** Fwd: Acct No. FOU20140: Your Invoices From SUPERIOR DISTRIBUTION are Attached

Gentlemen,

there are some invoices that need to be adjusted. one of them is attached. its granby ln. another one was
plywood purchase which I emailed to Chris today.
tomorrow Tammy will be sending weekly invoice to me. please make sure that the correction or credits will be
posted before hand.

thanks you


**Izabella Vradinskiy**
**4 Seasons Construction Group**
**5 Star Restoration**
**111 Buck Rd, Suite 700**
**Huntingdon Valley PA 19006**
**215-355-5767**
**215-355-5764 (fax)**


---------- Forwarded message ---------
From: **SUPERIOR DISTRIBUTION** <srsicorp@billtrust.com>
Date: Thu, Oct 25, 2018 at 7:45 PM
Subject: Acct No. FOU20140: Your Invoices From SUPERIOR DISTRIBUTION are Attached
To: <iv44seasons@gmail.com>


**SUPERIOR DISTRIBUTION**


Dear **Four Seasons Constr Grp, Inc.**,

  **Attached are your invoices from SUPERIOR DISTRIBUTION.**


  **Account Number : FOU20140**

| INVOICE NUMBER | PO NUMBER | AMOUNT |
|---|---|---|
| 12817360-001 | 8 ENDERLY | $1,635.06 |
| 12817448-001 | 16 GAMEWELL LN | $1,760.34 |
| 12871698-001 | Granby Lane | $107.94 |

1

| | | |
|---|---|---|
| **12817448-001** | **16 GAMEWELL LN** | **$1,760.34** |
| **12871698-001** | **Granby Lane** | **$107.94** |

**Want to save some time and effort?** We now can provide your invoice information in an Easy Import file so you can import invoice information directly into your accounting system. <u>Click Here</u> to find out more and get setup today.

**Please Note: We use the industry standard PDF format for storing and displaying bills. This makes it very easy to print or save your bill to your PC. If you're unable to view this attachment, please click here to get the latest version of the free <u>Acrobat Reader</u>.**

Sincerely,
SUPERIOR DISTRIBUTION



# INVOICE

**SUPERIOR DISTRIBUTION**

| | |
|---|---|
| Invoice # : | 12817360-001 |
| Invoice Date : | 10/25/18 |
| Account # : | FOU20140 |
| Branch : | PABRI |
| Phone # : | (215)-355-5767 |
| Fax # : | (215)-355-5764 |
| Delivery # : | 12817360-001 |

SUPERIOR DISTRIBUTION - COLLINGDALE
414 MACDADE BLVD
COLLINGDALE, PA 19023
FAX (610)-586-1595
Phone: (484)-496-2114

**REMIT TO:**

SUPERIOR DISTRIBUTION
P.O. BOX 405850
ATLANTA, GA 30384-5850
(833)-290-7459

**BILL TO:**

FOUR SEASONS CONSTR GRP, INC.
111 BUCK ROAD
SUITE 700
HUNTINGDON, PA 19006

**SHIP TO:  1**

FOUR SEASONS CONSTR GRP, INC.
8 ENDERLY LN
ANYTIME DROP
WILLINGBORO, NJ 08046

| PO NUMBER | | REFERENCE NUMBER | | JOB NUMBER | | ORDER DATE | SHIP DATE | SALES |
|---|---|---|---|---|---|---|---|---|
| 8 ENDERLY | | | | | | 10/18/18 | 10/23/18 | J MCNUTT |

| AGENTS | | ORDER TYPE | ORDERED BY | | SHIP VIA | FREIGHT TERM | | CREATED BY |
|---|---|---|---|---|---|---|---|---|
| M VENTURA | | WHSE | | | GROUND DROP | | | Mventura |

| QTY ORDERED | QTY SHIPPED | UOM | ITEM / DESCRIPTION | CONVERTED QTY | PRICE / UOM | EXTENDED AMOUNT |
|---|---|---|---|---|---|---|
| 1 | 1 | EA | O716<br>OSB<br>7/16" 4' X 8' | 1.00 /EA | 19.65 /EA | 19.65 |
| 48 | 48 | BD | GAFTHARSHWBA<br>GAF TIMBERLINE HD AR SHAKEWOOD<br>3 BD/SQ BALTIMORE | 48.00 /BD | 26.33 /BD | 1,263.84 |
| 2 | 2 | BD | GAFRS25ARGCMY<br>GAF ROYAL SOVEREIGN 25 AR GOLDEN CEDAR<br>3 BD/SQ MYERSTOWN | 2.00 /BD | 24.00 /BD | 48.00 |
| 4 | 4 | RL | F15<br>FELT 15# | 4.00 /RL | 14.10 /RL | 56.40 |
| 2 | 2 | RL | QXFVR<br>QUARRIX FLEX ROLL RIDGE VENT<br>20' | 2.00 /RL | 24.95 /RL | 49.90 |
| 2 | 2 | RL | CARWIP100<br>CARLISLE WIP 100 ICE & WATER SHIELD<br>2 SQ/RL | 2.00 /RL | 35.75 /RL | 71.50 |
| 1 | 1 | EA | NATS1147200<br>NAT STINGER COIL NAIL<br>0136072<br>1-1/4" 7200/BX | 1.00 /EA | 24.17 /EA | 24.17 |
| | | | ******SUB-TOTAL****** | | | 1,533.46 |
| | | | Sales Tax | 6.625% | | 101.60 |

Thank you for your business! If our service or your total experience
with our company did not meet your needs or expectations,
please email us at customerfeedback@srsicorp.com or call us at 469-854-2542.

**TERMS:**  1% 10TH, NET 30TH Due Date: 11/30/18
You may deduct 15.33 if paid by 11/10/18

| BALANCE | $1,635.06 |
|---|---|

| TO VIEW AND PAY ONLINE GO TO: | https://srsicorp.billtrust.com | USE THIS ENROLLMENT TOKEN: | PHL XHB BSH |
|---|---|---|---|

# INVOICE

**SUPERIOR DISTRIBUTION**

SUPERIOR DISTRIBUTION - COLLINGDALE
414 MACDADE BLVD
COLLINGDALE, PA 19023
FAX (610)-586-1595
Phone: (484)-496-2114

| Invoice # : | 12817448-001 |
|---|---|
| Invoice Date : | 10/25/18 |
| Account # : | FOU20140 |
| Branch : | PABRI |
| Phone # : | (215)-355-5767 |
| Fax # : | (215)-355-5764 |
| Delivery # : | 12817448-001 |

| REMIT TO: |
|---|
| SUPERIOR DISTRIBUTION<br>P.O. BOX 405850<br>ATLANTA, GA 30384-5850<br>(833)-290-7459 |

**BILL TO:**

FOUR SEASONS CONSTR GRP, INC.
111 BUCK ROAD
SUITE 700
HUNTINGDON, PA 19006

**SHIP TO: 1**

FOUR SEASONS CONSTR GRP, INC.
16 GAMEWELL LN
ANYTIME DROP
WILLINGBORO, NJ 08046

| PO NUMBER | REFERENCE NUMBER | JOB NUMBER | ORDER DATE | SHIP DATE | SALES |
|---|---|---|---|---|---|
| 16 GAMEWELL LN | | | 10/18/18 | 10/23/18 | J MCNUTT |

| AGENTS | ORDER TYPE | ORDERED BY | SHIP VIA | FREIGHT TERM | CREATED BY |
|---|---|---|---|---|---|
| M VENTURA | WHSE | | GROUND DROP | | Mventura |

| QTY ORDERED | QTY SHIPPED | UOM | ITEM / DESCRIPTION | CONVERTED QTY | PRICE / UOM | EXTENDED AMOUNT |
|---|---|---|---|---|---|---|
| 2 | 2 | EA | O716<br>OSB<br>7/16" 4' X 8' | 2.00 /EA | 19.65 /EA | 39.30 |
| 49 | 49 | BD | GAFTHARHIMY<br>GAF TIMBERLINE HD AR HICKORY<br>3 BD/SQ MYERSTOWN | 49.00 /BD | 26.33 /BD | 1,290.17 |
| 2 | 2 | BD | GAFRS25ARAUBMY<br>GAF ROYAL SOVEREIGN 25 AR AUTUMN BROWN<br>3 BD/SQ MYERSTOWN | 2.00 /BD | 24.00 /BD | 48.00 |
| 4 | 4 | RL | F15<br>FELT 15# | 4.00 /RL | 14.10 /RL | 56.40 |
| 2 | 2 | RL | QXFVR<br>QUARRIX FLEX ROLL RIDGE VENT<br>20' | 2.00 /RL | 24.95 /RL | 49.90 |
| 24 | 24 | PC | BERDEC35BR<br>BERGER C3.5 DRIP EDGE BROWN<br>1-7/8" X 1-1/2" X 10' | 24.00 /PC | 2.98 /PC | 71.52 |
| 2 | 2 | RL | CARWIP100<br>CARLISLE WIP 100 ICE & WATER SHIELD<br>2 SQ/RL | 2.00 /RL | 35.75 /RL | 71.50 |
| 1 | 1 | EA | NATS1147200<br>NAT STINGER COIL NAIL<br>0136072<br>1-1/4" 7200/BX | 1.00 /EA | 24.17 /EA | 24.17 |
| | | | ******SUB-TOTAL****** | | | 1,650.96 |
| | | | Sales Tax | 6.625% | | 109.38 |

**TERMS:** 1% 10TH, NET 30TH Due Date: 11/30/18
You may deduct 16.51 if paid by 11/10/18

| BALANCE | $1,760.34 |
|---|---|

| TO VIEW AND PAY ONLINE GO TO: | https://srsicorp.billtrust.com | USE THIS ENROLLMENT TOKEN: | PHL XHB BSH |
|---|---|---|---|



**INVOICE**

SUPERIOR DISTRIBUTION - TRENTON
526 NEW YORK AVE
TRENTON, NJ 08638
FAX: (609)-393-0709
Phone: (609)-392-0623

| | |
|---|---|
| Invoice # : | 12871698-001 |
| Invoice Date : | 10/25/18 |
| Account # : | FOU20140 |
| Branch : | SDTRE |
| Phone # : | (215)-355-5767 |
| Fax # : | (215)-355-5764 |
| Delivery # : | 12871698-001 |

| REMIT TO: |
|---|
| SUPERIOR DISTRIBUTION<br>P.O. BOX 405850<br>ATLANTA, GA 30384-5850<br>(833)-290-7459 |

**BILL TO:**

FOUR SEASONS CONSTR GRP, INC.
111 BUCK ROAD
SUITE 700
HUNTINGDON, PA 19006

**SHIP TO:  1**

FOUR SEASONS CONSTR GRP, INC.
Grandby Lane
Willingboro, nj 19006

| PO NUMBER | | REFERENCE NUMBER | | JOB NUMBER | | ORDER DATE | SHIP DATE | SALES |
|---|---|---|---|---|---|---|---|---|
| Granby Lane | | | | Willingboro | | 10/24/18 | 10/24/18 | J MCNUTT |

| AGENTS | | ORDER TYPE | ORDERED BY | | SHIP VIA | FREIGHT TERM | | CREATED BY |
|---|---|---|---|---|---|---|---|---|
| K MOSS | | WILLCALL | Juan | | WILL CALL | | | Kmoss |

| QTY ORDERED | QTY SHIPPED | UOM | ITEM / DESCRIPTION | CONVERTED QTY | PRICE / UOM | EXTENDED AMOUNT |
|---|---|---|---|---|---|---|
| 2 | 2 | BD | GAFTHARSHWBA<br>GAF TIMBERLINE HD AR SHAKEWOOD<br>3 BD/SQ BALTIMORE | 2.00 /BD | 31.3579 /BD | 62.72 |
| 1 | 1 | RL | GAFCORVG1012<br>GAF COBRA RIDGE VENT GUNABLE<br>10-1/2" X 20' | 1.00 /RL | 41.7582 /RL | 41.76 |
| | | | ******SUB-TOTAL****** | | | 104.48 |
| | | | Sales Tax | 3.3125% | | 3.46 |
| | | | >>Stock materials may be returned to any SRS branch within 30 days of purchase if it is new and resalable condition.  A 20% restocking fee will be applied to all returned | | | |

Thank you for your business! If our service or your total experience
with our company did not meet your needs or expectations,
please email us at customerfeedback@srsicorp.com or call us at 469-854-2542.

**TERMS:**   1% 10TH, NET 30TH Due Date: 11/30/18
You may deduct 1.04 if paid by 11/10/18

| BALANCE | $107.94 |
|---|---|

| TO VIEW AND PAY ONLINE GO TO: | https://srsicorp.billtrust.com | USE THIS ENROLLMENT TOKEN: | PHL XHB BSH |
|---|---|---|---|